ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI-DJ 2024-062C

| | | |
|---|---|---|
| **LEONOR PORRATA-DORIA**<br><br>Recurrida<br><br>v.<br><br>**MUNICIPIO DE SAN JUAN, MAPFRE PRAICO INSURANCE COMPANY**<br><br>Peticionario | TA2025CE00035 | ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Caso Núm.:<br>**SJ2024CV10847**<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de agosto de 2025.

Comparece ante nos Mapfre Praico Insurance Company (Mapfre o parte peticionaria) mediante un recurso de *certiorari* en el que solicita que revoquemos una *Sentencia Parcial* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 24 de abril de 2025.[1] Por medio de dicho dictamen, el TPI declaró *parcialmente* Ha Lugar una *Moción de Sentencia Sumaria* presentada por el Municipio Autónomo de San Juan (Municipio de San Juan) y

---

[1] Tomamos conocimiento judicial del expediente del caso SJ2024CV10847 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada Núm. 30. Notificada y archivada en autos el 28 de abril de 2025.

su aseguradora, Mapfre.[2] En su consecuencia, desestimó la causa de acción en contra del Municipio de San Juan, más no así la acción directa radicada en contra de Mapfre.

Luego de concederle una prórroga, la señora Leonor Prorrata-Doria Rodríguez (Sra. Porrata-Doria Rodríguez o parte recurrida) radicó una *Oposición a la Expedición [del] Auto de Certiorari y en Cumplimiento de Orden* el 23 de julio de 2025.

Por los fundamentos que pormenorizamos a continuación, expedimos el auto de *certiorari* y revocamos parcialmente la determinación recurrida.

**I.**

El caso de marras tiene su génesis el 22 de noviembre de 2024 cuando la Sra. Porrata-Doria Rodríguez presentó una *Demanda* en contra del Municipio de San Juan y su aseguradora, Mapfre, en concepto de daños y perjuicios.[3] Adujo que, el 29 de noviembre de 2023, ella procedió a cruzar la Avenida Ponce de León en Santurce, y se tropezó frente a la entrada del FirstBank. Expuso que se cayó golpeándose la frente con el primer escalón de la entrada del banco y sufrió daños.

Arguyó que dicho incidente se debió a que los adoquines de la acera estaban dispares y levantados. Sostuvo que el Municipio de

---

[2] Entrada Núm. 18 en SUMAC.
[3] Entrada Núm. 1 en SUMAC.

San Juan fue negligente en el cuidado y mantenimiento de la acera en cuestión, como también de todas las aceras circundantes. De igual modo, señaló que Mapfre era solidariamente responsable de los daños, perjuicios, lucro cesante y gastos médicos reclamados al Municipio de San Juan, toda vez que era quien aseguraba y proveía cubierta a este. Ante lo anterior, solicitó del foro primario que declarara Ha Lugar la *Demanda* y, en su consecuencia, condenara al Municipio de San Juan y Mapfre al pago de las sumas reclamadas, costas y cualquier otra determinación que en derecho y justicia procediera.

El 3 de febrero de 2025, el Municipio de San Juan y Mapfre radicaron una *Contestación a Demanda* donde negaron las alegaciones realizadas por la Sra. Porrata-Doria Rodríguez. Arguyeron que Mapfre expidió la póliza de seguros 1600228003214 con el Municipio de San Juan como asegurado.[4] Sostuvieron que la Avenida Ponce de León no estaba bajo la jurisdicción del Municipio de San Juan y que dicho municipio no era legalmente responsable. Adujeron que para que existiera solidaridad entre una compañía de seguros y su asegurado, ello debía surgir claramente del contrato.

Luego de varios trámites procesales, el 11 de marzo de 2025, el Municipio de San Juan y Mapfre presentaron una *Moción de*

---

[4] Entrada Núm. 13 en SUMAC.

*Sentencia Sumaria.*[5] Adujeron que, de la declaración jurada suscrita por el ingeniero David Jiménez Mercado (ingeniero Jiménez Mercado) del Municipio de San Juan, se desprendía que la acera donde ocurrió la caída no estaba bajo la jurisdicción del Municipio de San Juan. Expusieron que, para la fecha del incidente, tampoco encontraron convenios que le impusieran responsabilidad al Municipio de San Juan por accidentes que ocurrieran en la Avenida Ponce de León. Alegaron que, en vista de que dicha avenida era estatal, el Municipio de San Juan poseía inmunidad en cualquier acción de daños y perjuicios radicada en su contra, conforme al Artículo 1.053(g) del *"Código Municipal de Puerto Rico"* (Código Municipal), Ley Núm. 107 del 13 de agosto de 2020, según enmendada, 21 LPRA sec. 7084. Por ello, solicitaron del foro primario que declarara Ha Lugar la *Moción de Sentencia Sumaria* y, consiguientemente, desestimara la causa de acción instada en su contra.

El 14 de abril de 2025, la Sra. Porrata-Doria Rodríguez presentó una *Moción en Oposición a Sentencia Sumaria y Moción se Dicte Sentencia Declaratoria a Favor de la Demandante.*[6] Adujo que era un absurdo que, cuando se cometiera un acto de negligencia por parte de funcionarios, empleados o contratistas del Municipio de

---

[5] Entrada Núm. 18 en SUMAC.
[6] Entrada Núm. 26 en SUMAC.

San Juan, este último fuese inmune contra una acción de reparación de agravios radicada por un residente o ciudadano. En su consecuencia, solicitó del *foro a quo* que declarara No Ha Lugar la *Moción de Sentencia Sumaria.*

Posteriormente, el 24 de abril de 2025, el foro primario emitió una *Sentencia Parcial.* Dispuso que, de la declaración jurada sometida por el Municipio de San Juan, se desprendía que la carretera donde ocurrió la caída de la Sra. Porrata-Doria Rodríguez era una estatal y que tampoco existía un convenio entre el Estado Libre Asociado de Puerto Rico y el Municipio de San Juan mediante el cual el segundo asumía responsabilidad por incidentes ocurridos en la Avenida Ponce de León. Además, dictaminó que, era impertinente si la acera estaba bajo el control y mantenimiento del municipio, o si lo ocurrido se debió a una negligencia en el mantenimiento del área por parte de su personal. En cambio, expuso que, si se cumplía con cualquiera de las instancias del Artículo 1.053 del Código Municipal, *supra,* sec. 7084, se activaba una inmunidad a favor del municipio y, por ende, una limitación para demandar a los municipios sin excepción alguna.

A pesar de lo anterior, el foro *a quo* dispuso que existía una acción directa en contra de Mapfre debido a que nuestro ordenamiento permitía instar una acción directa en contra de las aseguradoras. Expresó que existía una prohibición que impedía a

las aseguradoras incluir la defensa de inmunidad gubernamental como parte de las pólizas que expedían, a tenor con los Artículos 20.030 y 20.050 (2) del "Código de Seguros de Puerto Rico" (Código de Seguros), Ley Núm. 77 del 19 de junio de 1957, según enmendado, 26 LPRA secs. 2003-2004. Por ende, declaró *parcialmente* Ha Lugar la solicitud de sentencia sumaria presentada por el Municipio de San Juan y Mapfre. Específicamente, desestimó la causa de acción en contra del Municipio de San Juan, más no así la acción directa radicada en contra de Mapfre.

El 1 de mayo de 2025, Mapfre presentó una *Moción de Reconsideración* en la que argumentó que procedía la desestimación de la demanda en su contra.[7] Adujo que la controversia medular era que carecía de responsabilidad, ya que su asegurado, el Municipio de San Juan, no poseía jurisdicción ni deber alguno sobre la Avenida Ponce de León. Es decir, que, en ausencia de responsabilidad del Municipio de San Juan, quien en virtud de la póliza trajo a Mapfre al pleito de autos, no procedía una causa de acción en contra de ella como su aseguradora. Por lo tanto, solicitó del foro primario que reconsiderara la *Sentencia Parcial* emitida el 24 de abril de 2025, y, por ende, desestimara la causa de acción en su contra.

---

[7] Entrada Núm. 31 en SUMAC.

Posteriormente, el 26 de mayo de 2025, la Sra. Porrata-Doria Rodríguez presentó una *Oposición a [la] Moción de Reconsideración y Reconsideración.*[8] En síntesis, sostuvo que, contrario a lo alegado por Mapfre, el Municipio de San Juan estaba encargado de las mejoras, mantenimiento, reparación y limpieza de la acera de la Avenida Ponce de León. Alegó que el Municipio de San Juan, así como Mapfre, eran responsables por los daños ocasionados. Ante tales circunstancias, solicitó del foro primario que declarara No Ha Lugar la solicitud de reconsideración presentada por Mapfre y que encontrara al Municipio de San Juan responsable por los daños sufridos por la Sra. Porrata-Doria Rodríguez.

En respuesta, el 27 de mayo de 2025, el foro *a quo* emitió una *Orden* mediante la cual declaró No Ha Lugar ambas peticiones de reconsideración.[9]

Inconforme, el 25 de junio de 2025, Mapfre presentó el recurso de *certiorari* ante nos y planteó los siguientes señalamientos de error:

> **PRIMER ERROR: ERRÓ EL TPI AL DETERMINAR QUE MAPFRE DEBE PERMANECER EN EL PLEITO MEDIANTE ACCIÓN DIRECTA A PESAR DE HABERSE DECRETADO LA INEXISTENCIA DE UNA CAUSA DE ACCIÓN CONTRA SU ASEGURADO, APLICANDO INCORRECTAMENTE LAS DISPOSICIONES DEL CÓDIGO DE SEGUROS.**

---

[8] Entrada Núm. 33 en SUMAC.
[9] Entrada Núm. 34 en SUMAC. Notificado y archivado en autos el 27 de mayo de 2025.

**SEGUNDO ERROR: ERRÓ EL TPI AL DETERMINAR QUE NO PROCEDE EXTENDER LA INMUNIDAD DEL MUNICIPIO COMO DEFENSA EN LA ACCIÓN DIRECTA CONTRA LA ASEGURADORA, A PESAR DE LA AUSENCIA CLARA DE RESPONSABILIDAD LEGAL DE SU ASEGURADO.**

Por su parte, la Sra. Porrata-Doria Rodríguez radicó una *Oposición a la Expedición Auto de Certiorari y en Cumplimiento de Orden* en la que reiteró los mismos planteamientos presentados ante el foro primario.

## II.

## A.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del Tribunal. *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); *800 Ponce de León, Corp. v. American International Insurance Company of Puerto Rico*, 205 DPR 163, 174-175 (2020). En los casos civiles, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en las que procede que el Tribunal de Apelaciones expida el recurso de *certiorari*. *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc., supra,* pág. 1004; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 486-487 (2019). La citada regla establece que el recurso sólo se expide

cuando se recurre de una orden o resolución interlocutoria bajo remedios provisionales de la Regla 56 de Procedimiento Civil, *supra*, R. 56; *injunctions* de la Regla 57 de Procedimiento Civil, *supra*, R. 57; o de la denegatoria de una moción de carácter dispositivo. Por excepción, y en el ejercicio discrecional del foro apelativo, se puede expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra.*; véase además, *Scotiabank de Puerto Rico v. ZAF Corporation, supra*, pág. 487. Según lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra,* al denegar la expedición de un recurso de *certiorari,* el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Además de la antedicha regla, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025), instituye los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*; estos son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ello impone al Tribunal de Apelaciones la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. Por tanto, de no estar presente ninguno de los criterios esbozados, procede que este foro superior se abstenga de expedir el auto solicitado. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008).

Asimismo, nuestro Tribunal Supremo de Puerto Rico ha establecido que "la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo

que sus decisiones merecen gran deferencia". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 735-736 (2018). Por ende, el Tribunal de Apelaciones no interviene "con determinaciones emitidas por el foro primario y sustitu[ye] el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al. v. ACBI et al., supra*, pág. 736 (Énfasis en el original eliminado); véase, además, *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012).

**B.**

Por otro lado, la Regla 36 de Procedimiento Civil, *supra*, R. 36, establece el mecanismo procesal de la sentencia sumaria. El propósito de esta regla es facilitar la solución justa, rápida y económica de litigios civiles en los cuales no existe controversia real y sustancial de hechos materiales y que no requieren ventilarse en un juicio plenario. *Rodríguez García v. UCA*, 200 DPR 929, 940 (2018); *Bobé et al. v. UBS Financial Services*, 198 DPR 6, 19-20 (2017); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 430 (2013). Mediante este procedimiento, una parte puede solicitar que el tribunal dicte sentencia sumaria sobre la totalidad o parte de la reclamación, y así se promueve la descongestión de calendarios. *Vera v. Dr. Bravo*, 161 DPR 308, 331-332 (2004).

De igual modo, el mecanismo de sentencia sumaria solo está disponible para la disposición de aquellos casos que sean claros; cuando el tribunal tenga ante sí la verdad de todos los hechos esenciales alegados en la demanda; y que solo reste por disponer las controversias de derecho existentes. *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 DPR 881, 911-912 (1994). Asimismo, la Regla 36.3(e) de Procedimiento Civil, *supra,* R. Regla 36.3(e), dispone que:

> La sentencia solicitada será dictada inmediatamente si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente y que, como cuestión de derecho, el tribunal debe dictar sentencia sumaria a favor de la parte promovente.

Al evaluarse los méritos de una solicitud de sentencia sumaria, el juzgador debe actuar guiado por la prudencia, consciente en todo momento de que su determinación puede privar a una de las partes de su día en corte. *León Torres v. Rivera Lebrón,* 204 DPR 20, 44 (2020). De la mano con este precepto del debido proceso de ley, el juzgador deberá utilizar el principio de liberalidad a favor del opositor de la moción, lo cual implica que, de haber dudas sobre la existencia de controversias de hechos materiales, entonces deberán resolverse a favor de la parte que se opone a la moción de sentencia sumaria. *Ramos Pérez v. Univisión,* 178 DPR 200, 216 (2010).

Además, nuestro máximo foro ha establecido que no es aconsejable dictar una sentencia sumaria cuando existe controversia sobre asuntos de credibilidad o que envuelvan aspectos subjetivos tales como la intención, los propósitos mentales o la negligencia. *Aponte Valentín v. Pfizer Pharmaceuticals, LLC*, 208 DPR 263, 278 (2021). Sin embargo, "nada impide que se utilice el mecanismo de sentencia sumaria en reclamaciones que requieran elementos subjetivos o de intención cuando surge de los documentos que se considerarán en la solicitud de sentencia sumaria la inexistencia de una controversia en torno a los hechos materiales". *Cruz Cruz v. Casa Bella Corp.*, 213 DPR 980, 993-994 (2024).

Para prevalecer en una moción de sentencia sumaria, su promovente tiene que establecer su derecho con claridad y debe demostrar que no existe controversia en cuanto a ningún hecho material, o sea, ningún elemento de la causa de acción. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 110 (2015). Por hechos materiales se entienden aquellos que pueden afectar el resultado de una reclamación de acuerdo con el derecho sustantivo. *Ramos Pérez v. Univisión, supra*, pág. 213. Además:

> [U]na controversia no es siempre real o sustancial, o genuina. La controversia debe ser de una calidad suficiente como para que sea necesario que un juez la dirima a través de un juicio plenario. La fórmula, debe ser, por lo tanto, que la moción de sentencia sumaria

adecuadamente presentada sólo puede negarse si la parte que se opone a ella presenta una oposición basada en hechos que puedan mover a un juez a resolver a su favor. Si el juez se convence de que no existe una posibilidad razonable de que escuchar lo que lee no podrá conducirlo a una decisión a favor de esa parte, debe dictar sentencia sumaria. *Ramos Pérez v. Univisión, supra*, págs. 213-214 (*citando a* P. E. Ortiz Álvarez, *Hacia el uso óptimo de la sentencia sumaria*, 3 (Núm. 2) Forum 3, pág. 8 (1987)).

En suma, deberá demostrar que: (1) no es necesario celebrar una vista; (2) el demandante no cuenta con evidencia para probar algún hecho sustancial; y (3) procede como cuestión de derecho. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 6ª ed. rev., San Juan, Ed. LexisNexis, 2017, pág. 317.

En contraste, el oponente a la moción de sentencia sumaria está obligado a establecer que existe una controversia que sea real en cuanto a algún hecho material a la controversia y, en ese sentido, no cualquier duda es suficiente para derrotar la solicitud. *Meléndez González et al. v. M. Cuebas, supra*, pág. 110. En efecto, la duda debe ser tal que permita concluir que existe una controversia real y sustancial sobre los hechos materiales. *Meléndez González et al. v. M. Cuebas, supra*, pág. 110. De esta manera, central entre las responsabilidades de la parte promovida se encuentra que debe puntualizar los hechos propuestos que pretende controvertir, haciendo referencia a la prueba específica que sostiene su posición. *León Torres v. Rivera Lebrón, supra,* pág. 44. Es decir, "la parte

opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa". *León Torres v. Rivera Lebrón, supra,* pág. 44. De esta forma, no puede descansar en meras aseveraciones o negaciones de sus alegaciones, sino que debe proveer contradeclaraciones juradas y documentos que sustenten los hechos materiales en disputa. *SLG Zapata-Rivera v. JF Montalvo, supra,* pág. 478. *Ramos Pérez v. Univisión, supra,* pág. 215; *Cruz Marcano v. Sánchez Tarazona,* 172 DPR 526, 550 (2007).

Entretanto, la Regla 36.3 de Procedimiento Civil, *supra,* R. 36.3, establece el procedimiento para la consideración de la moción de sentencia sumaria, así como el contenido de la moción y de la contestación de la parte promovida. Respecto a la moción solicitando que se dicte una sentencia sumaria, la Regla 36.3(a) de Procedimiento Civil, *supra,* R. 36.3(a), dispone que tendrá que desglosar lo siguiente:

> (1) una exposición breve de las alegaciones de las partes;
> (2) los asuntos litigiosos o en controversia;
> (3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria;
> (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;
> (5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y

(6) el remedio que debe ser concedido.

Por otra parte, la Regla 36.3(b) de Procedimiento Civil, *supra*, R. 36.3(b), señala que la contestación a la moción de sentencia sumaria debe contener, además de los sub incisos (1), (2) y (3) del inciso (a); una relación concisa y organizada de los hechos esenciales y pertinentes que están en controversia, con referencia a los párrafos enumerados por la parte promovente y con indicación de la prueba en la que se establecen esos hechos; una enumeración de los hechos que no están en controversia; y las razones por las cuales no se debe dictar la sentencia, argumentando el derecho aplicable.

De otra parte, en *Meléndez González et al. v. M. Cuebas*, *supra*, el Tribunal Supremo delineó el estándar que el Tribunal de Apelaciones debe utilizar para revisar una denegatoria o una concesión de una moción de sentencia sumaria.

En primer lugar, reafirmó que el Tribunal de Apelaciones se encuentra en la misma posición que el TPI al momento de revisar solicitudes de sentencia sumaria, siendo su revisión una *de novo* y teniendo la obligación de regirse por la Regla 36 de Procedimiento Civil, *supra*, y los criterios que la jurisprudencia le exige al foro primario. *Meléndez González et al. v. M. Cuebas*, *supra*, pág. 118. Asimismo, debe examinar el expediente de la manera más favorable hacia la parte que se opuso a la petición de sentencia sumaria,

llevando a cabo todas las inferencias permisibles a su favor. Ahora bien, reconoció que el foro apelativo está limitado, toda vez que no podrá tomar en consideración evidencia que las partes no presentaron ante el foro primario, ni podrá adjudicar los hechos materiales en controversia.

En segundo lugar, prescribió que el Tribunal de Apelaciones debe revisar que tanto la moción en solicitud de sentencia sumaria, como la oposición, cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil, *supra*. *Meléndez González et al. v. M. Cuebas*, *supra*, pág. 118.

En tercer lugar, mandató que, ante la revisión de una sentencia dictada sumariamente, el Tribunal de Apelaciones debe examinar si en realidad existen hechos materiales en controversia y, de haberlos, estará obligado a exponer específicamente cuáles hechos materiales están en controversia y cuáles no, en cumplimiento con la Regla 36.4 de Procedimiento Civil, *supra*, R. 36.4. *Meléndez González et al. v. M. Cuebas*, *supra*, pág. 118.

En cuarto lugar, dispuso que, si encuentra que los hechos materiales realmente no están en controversia, entonces el Tribunal de Apelaciones deberá revisar *de novo* si el foro primario aplicó correctamente el Derecho. *Meléndez González et al. v. M. Cuebas*, *supra*, pág. 119.

**c.**

La derogada *"Ley de Municipios Autónomos de Puerto Rico"* (Ley de Municipios Autónomos), Ley Núm. 81 del 30 de agosto de 1991, según enmendada, 21 LPRA ant. sec. 4001 *et seq.*, "confirió a los municipios un mayor grado de gobierno propio y autonomía fiscal". *González Meléndez v. Municipio Autónomo de San Juan*, 212 DPR 601, 614 (2023); *Muñiz Burgos, Inc. v. Mun. Yauco*, 187 DPR 665, 675 (2013). La intención legislativa detrás de la aprobación de esta ley fue otorgarles a los municipios "los poderes y [las] facultades necesarias para asumir una función central y fundamental en su desarrollo urbano, social y económico". Exposición de Motivos de la Ley de Municipios Autónomos, *supra.* De hecho, fue indispensable ampliar esas facultades y responsabilidades municipales posteriormente con el propósito de que se cumpliera con las exigencias y necesidades actuales de los municipios. Lo anterior, pues "hoy día, las circunstancias económicas de gran parte de los municipios han cambiado sustancialmente". Exposición de Motivos del Código Municipal, *supra.*

Cónsono con lo anterior, se enmendó la Ley de Municipios Autónomos, *supra*, a los efectos de añadirle el inciso (g) del Artículo 15.005 para proteger a los municipios contra reclamaciones o acciones por daños y perjuicios cuando ocurren accidentes en las

carreteras o aceras que son propiedad del gobierno estatal. La Asamblea Legislativa entendió que:

> Una acción de este tipo podría tener un impacto económico directo contra sus limitados recursos y su precaria situación fiscal. Por consiguiente, un incremento sostenido en las reclamaciones radicadas contra los municipios provocaría un aumento sustancial en los costos por concepto de seguros de responsabilidad pública.
>
> . . . .
>
> Exposición de Motivos de la Ley Núm. 143 del 6 de septiembre de 2019.

Asimismo, "el Senado consideró injusto que los municipios tuvieran el deber de responder por daños y perjuicios debidos a los accidentes ocurridos en las carreteras y aceras que son dominio del Gobierno estatal sin tener bajo su control la preservación de dichas infraestructuras". *González Meléndez v. Municipio Autónomo de San Juan, supra*, pág. 615. Por su parte, la Cámara de Representantes "entendió meritorio proteger a los municipios contra acciones por daños y perjuicios cuando éstos ocurran en propiedad del gobierno estatal y sean el resultado de la falta de mantenimiento de este último a sus carreteras o aceras". *González Meléndez v. Municipio Autónomo de San Juan, supra*, pág. 615.

Ante la aprobación de la Ley de Municipios Autónomos, *supra*, el Artículo 15.003 de la Ley de Municipios Autónomos, *supra*, ant. sec. 4703, quedó configurado. De igual modo, el Código Municipal,

*supra,* el cual enmendó dicha ley, dispone en su Artículo 1.053 lo siguiente:

> No estarán autorizadas las acciones contra el municipio por daños y perjuicios a la persona o la propiedad por acto u omisión de un funcionario, agente o empleado de cualquier municipio:
> **(a)** En el cumplimiento de una ley, reglamento u ordenanza, aun cuando éstos resultaren ser nulos.
> **(b)** En el desempeño de una función de carácter discrecional, aun cuando hubiere abuso de discreción.
> **(c)** En la imposición o cobro de contribuciones.
> **(d)** Constitutivo de acometimiento, agresión u otro delito contra la persona, persecución maliciosa, calumnia, libelo, difamación y falsa representación e impostura.
> **(e)** Ocurrida fuera de la jurisdicción territorial de Puerto Rico.
> **(f)** En el desempeño de operaciones de combate por las fuerzas navales o militares en caso de guerra, invasión, rebelión u otra emergencia debidamente declarada como tal por las autoridades pertinentes.
> **(g) Cuando ocurran accidentes en las carreteras o aceras estatales.**
>
> Artículo 1.053 del Código Municipal, *supra,* sec. 7084 (Énfasis suplido); *González Meléndez v. Municipio Autónomo de San Juan, supra,* pág. 616.

Así, la Asamblea Legislativa "prohibió la presentación de reclamaciones en daños y perjuicios en contra de los municipios, en la medida en que esté presente cualquiera de los incisos enunciados". *González Meléndez v. Municipio Autónomo de San Juan, supra,* pág. 616.

**D.**

Nuestro máximo foro ha resuelto que "las controversias relacionadas con la figura del contrato de seguros revisten un interés público y se han resuelto al amparo de las disposiciones del Código de Seguros y su jurisprudencia interpretativa, considerando al Código Civil como fuente de derecho supletorio". *SLG Albert-García v. Integrand Assurance Company.*, 196 DPR 382, 389 (2016); *Jiménez López v. Simed*, 180 DPR 1, 8 (2010). Toda aseguradora que expida una póliza asegurando a una persona contra daños o perjuicios, por causa de responsabilidad legal por lesiones corporales, muerte o daños a la propiedad de una tercera persona, será responsable cuando ocurriere una pérdida cubierta por dicha póliza. Artículo 20.010 del Código de Seguros, *supra*, sec. 2001. Además, "el pago de dicha pérdida por el asegurador hasta el grado de su responsabilidad por la misma, con arreglo a la póliza, no dependerá del pago que efectúe el asegurado en virtud de sentencia firme dictada contra él con motivo del suceso, ni dependerá de dicha sentencia". Artículo 20.010 del Código de Seguros, *supra*, sec. 2001.

A esos efectos, "[l]a persona que sufriere los daños y perjuicios tendrá, a su opción, una acción directa contra el asegurador conforme a los términos y limitaciones de la póliza, acción que podrá ejercitar contra el asegurador solamente o contra éste y el asegurado conjuntamente". Artículo 20.030 del Código de Seguros, *supra*, sec.

2003. Sin embargo, cualquiera de estas acciones estará "sujeta la acción a las condiciones de la póliza de seguros o contrato y a las defensas que pudieran alegarse por el asegurador en acción directa instada por el asegurado". Artículo 20.030 del Código de Seguros, *supra*, sec. 2003.

Por otro lado, el Artículo 20.050 del Código de Seguros, *supra*, sec. 2004, dispone que:

> **(1)** La obtención de un seguro de responsabilidad por el Estado Libre Asociado de Puerto Rico, sus dependencias o entidades, y por los municipios y otras subdivisiones políticas, no constituirá ni se estimará que constituye una renuncia de inmunidad gubernamental, si la hubiere, en la responsabilidad por actos u omisiones en que hubiere mediado culpa o negligencia por agentes y empleados públicos, excepto hasta el grado de la indemnización cobrable real y efectivamente provista por dicho seguro en cuanto a un suceso en particular. Sin embargo, no se considerará que existe tal renuncia de inmunidad en cuanto a ninguna reclamación o demanda contra tal entidad pública, a menos que dicha entidad renuncie expresamente a la inmunidad.
> **(2)** *Todas dichas pólizas de seguro deberán disponer que el asegurador no podrá aducir la defensa de inmunidad gubernamental en ninguna acción incoada contra el asegurador con arreglo a dicha póliza o en virtud de la misma.*
> **(3)** El asegurador no tendrá ningún derecho de subrogación contra ninguna entidad gubernamental, ni sus agentes o empleados, asegurados con arreglo a dicha póliza, en virtud de pérdida pagada por el asegurador de acuerdo a la misma. Sin embargo, se dispone que de existir otro seguro de responsabilidad cobrable provisto por otro asegurador, el asegurador podrá subrogarse contra este otro asegurador.

(Énfasis suplido).

Sin embargo, nuestro máximo foro ha resuelto que "el asegurador solo será responsable, según una póliza de seguros de responsabilidad civil, si el asegurado ha sido culposo o negligente". *SLG Albert-García v. Integrand Asrn.*, *supra*, pág. 394.

### III.

En el caso de marras nos corresponde determinar si erró el foro primario al determinar que Mapfre debía permanecer en el pleito mediante acción directa a pesar de haberse decretado la inexistencia de una causa de acción en contra de su asegurado, el Municipio de San Juan; y si dicho foro incidió al determinar que no procedía extender la inmunidad del municipio como defensa en la acción directa contra la aseguradora, a pesar de la ausencia clara de responsabilidad legal de su asegurado. Por estar íntimamente relacionados, atenderemos los dos señalamientos de error en conjunto.

A juicio del foro primario, procedía desestimar la causa de acción en contra del Municipio de San Juan, más no así la causa directa radicada en contra de Mapfre. En lo pertinente, determinó que existía una prohibición en el Código de Seguros, *supra*, que impedía a las aseguradoras incluir la defensa de inmunidad gubernamental como parte de las pólizas que expidieran.

Insatisfecha, Mapfre arguyó que, ante la ausencia de una causa de acción en contra de su asegurado, no venía obligada a

responderle a la Sra. Porrata-Doria Rodríguez. Lo anterior, pues ante la inexistencia de responsabilidad del Municipio de San Juan, el contrato de seguros no podía extenderse para cubrir una responsabilidad que su asegurado carecía. Adujo también que la intención legislativa al aprobar el Artículo 1.053(g) del Código Municipal, *supra*, sec. 7084, y establecer una prohibición expresa en cuanto a la presentación de reclamaciones de daños y perjuicios contra los municipios por accidentes en carreteras o aceras estatales, era que no respondería el municipio ni su aseguradora, de no existir responsabilidad legal. De igual modo, expuso que la intención de la Asamblea Legislativa expuesta en el Código Municipal, *supra*, era que la inmunidad que cobijaba a los municipios fuese extensiva a las compañías aseguradoras de estos.

Por su parte, la Sra. Porrata-Doria Rodríguez arguyó que Mapfre estaba obligada a responderle por los daños sufridos ante la supuesta admisión de negligencia por parte del Municipio de San Juan.

Tras un análisis objetivo y cuidadoso, resolvemos que el foro primario incurrió en los señalamientos de error.

Como pormenorizamos anteriormente, según *Meléndez González et al. v. M. Cuebas*, *supra*, el primer paso del estándar de revisión de las solicitudes de sentencia sumaria es revisar el expediente *de novo* de la forma más favorable para la parte que se

opuso a la solicitud de sentencia sumaria, y aplicar los mismos criterios de la Regla 36 de Procedimiento Civil, *supra*. De igual modo, el segundo pilar exige que revisemos que tanto la petición de sentencia sumaria como su oposición cumplan con los requisitos de la Regla 36 de Procedimiento Civil, *supra*. *Meléndez González et al. v. M. Cuebas*, *supra*, pág. 118. En el presente caso, la *Moción de Sentencia Sumaria* presentada por Mapfre y el Municipio de San Juan cumplió con los requisitos de forma del inciso (a) de la Regla 36.3 de Procedimiento Civil, *supra*, pues tiene una exposición breve de las alegaciones de las partes; los asuntos litigiosos; la reclamación respecto a la cual fue solicitada la sentencia sumaria; una relación concisa, organizada y en párrafos enumerados de los hechos materiales sobre los cuales no había controversia sustancial, con indicación a la declaración jurada del ingeniero Jiménez Mercado del Municipio de San Juan; las razones por las que debería dictarse la sentencia argumentando el derecho aplicable; y el remedio que debía ser concedido.

Sin embargo, la oposición a dicha solicitud de sentencia sumaria radicada por la Sra. Porrata-Doria Rodríguez incumplió con los requerimientos del inciso (b) de la Regla 36.3 de Procedimiento Civil, *supra*; a saber, no posee una exposición breve de las alegaciones de la Sra. Porrata-Doria Rodríguez; la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia

sumaria; ni tampoco una relación concisa organizada y en párrafos enumerados de los hechos materiales sobre los cuales no había controversia sustancial, con indicación a la prueba admisible. Nótese que el tribunal no tiene la obligación de considerar hechos que no fueron específicamente enumerados y que no tienen referencia a los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen. Tampoco posee la obligación de considerar cualquier parte de una declaración jurada u otra prueba admisible en evidencia a la cual no se haya hecho referencia en una relación de hechos. Regla 36.3(d) de Procedimiento Civil, *supra,* R. 36.3(d).

Habiéndose atendido los primeros dos eslabones del análisis apelativo sobre las solicitudes de sentencia sumaria, debemos evaluar como tercer paso si en realidad existen hechos materiales en controversia. De haberlos, debemos cumplir con la exigencia establecida en la Regla 36.4 de Procedimiento Civil, *supra*, y exponer cuáles son los hechos materiales que están en controversia y cuáles están incontrovertidos.

Del expediente del caso se desprende que las determinaciones de hechos realizadas por el TPI surgen incontrovertidamente del récord. Es decir, no existe controversia en cuanto a que la Sra. Porrata-Doria Rodríguez se cayó al tropezar con unos adoquines que se encontraban en malas condiciones, y, en consecuencia, sufrió

unos daños. Dichos adoquines estaban integrados a una acera localizada en la Avenida Ponce de León. Sin embargo, de la declaración jurada del ingeniero Jiménez Mercado se desprende que el Municipio de San Juan no tenía jurisdicción ni control sobre el mantenimiento de dicha avenida ni existían convenios que le impusieran al municipio responsabilidad por accidentes que ocurrieran en la Avenida Ponce de León.

No existiendo hechos en controversia, pasamos al cuarto y último eslabón; es decir, debemos revisar de *novo* si el TPI aplicó correctamente el derecho. *Meléndez González et al. v. M. Cuebas*, *supra*, pág. 119.

Como señalamos anteriormente, "hoy día, las circunstancias económicas de gran parte de los municipios han cambiado sustancialmente". Exposición de Motivos del Código Municipal, *supra*. Para evitar un aumento sustancial en los costos por concepto de seguros de responsabilidad pública, mediante el Artículo 1.053 del Código Municipal, *supra*, sec. 7084, la Asamblea Legislativa "prohibió la presentación de reclamaciones en daños y perjuicios en contra de los municipios, en la medida en que esté presente cualquiera de los incisos enunciados" en dicho artículo incluyendo cuando los accidentes ocurren en carreteras o aceras estatales. *González Meléndez v. Municipio Autónomo de San Juan, supra*. Asimismo, "el asegurador solo será responsable, según una póliza

de seguros de responsabilidad civil, si el asegurado ha sido culposo o negligente". *SLG Albert-García v. Integrand Asrn.*, *supra*, pág. 394.

En el caso de marras, el TPI incidió al mantener a Mapfre en el pleito. Luego de examinar tanto el expediente como las determinaciones de hechos de la *Sentencia Parcial* recurrida, a la luz del derecho aplicable, no existe una causa de acción en contra del Municipio de San Juan, ya que el incidente ocurrió en una carretera estatal. Por consiguiente, la inexistencia de una causa de acción contra el Municipio de San Juan conlleva que Mapfre no tenga un pleito al cual responder por medio de su póliza. Más que la inmunidad no reclamable por parte de Mapfre, según el Artículo 20.050 del Código de Seguros, *supra*, sec. 2004, lo que acontece en el presente pleito es una ausencia de responsabilidad estatutaria a favor del Municipio conforme al inciso (g) del Artículo 1.053 del Código Municipal, *supra*, sec. 7084, lo que implica que Mapfre no puede ser responsable. *SLG Albert-García v. Integrand Asrn.*, *supra*, pág. 394.

## IV.

Por las razones discutidas anteriormente, expedimos el auto de *certiorari* y revocamos parcialmente la *Sentencia Parcial* recurrida. Específicamente, revocamos la denegatoria de la desestimación de la acción directa en contra de Mapfre.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

La jueza Aldebol Mora disiente sin opinión escrita.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones